UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN, | No. 2:20-cv-1399 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CDCR, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a December 2018 disciplinary conviction. (See ECF No. 1 at 5, 16, 21.) Petitioner challenged the same disciplinary conviction in a previously-filed petition in this court – Ausborn v. CDCR, ("Ausborn I") No. 2:20-cv-0181 KJM DB P. Upon screening the petition in Ausborn I, the court found it likely petitioner had not exhausted his state remedies because he had not presented his claim regarding his disciplinary conviction to the California Supreme Court. The court then ordered petitioner to explain whether he had done so. When petitioner failed to respond to the court's order, on May 5, 2020, the court dismissed the case. See Ausborn I (ECF No. 9).

In the present case, filed July 10, 2020, petitioner states that he raised this disciplinary conviction claim with the state superior court. (See ECF No. 1 at 7.) Attached to his petition is a copy of a May 27, 2020 ruling from the San Joaquin County Superior Court dismissing

petitioner's habeas petition challenging a 2018 rules violation hearing. (Id. at 16.) However, the petition provides no indication that petitioner fairly presented his claim to the California Supreme Court before filing this suit. Based on the apparent failure to fully exhaust his state remedies, this court ordered petitioner to demonstrate that he raised his disciplinary conviction claim before the California Supreme Court. Petitioner was given thirty days to so notify this court. Petitioner was warned that if has not fully exhausted his claim or if he fails to file a timely response, this court would recommend this case be dismissed. (Aug. 28, 2020 Order (ECF No. 6).)

Thirty days have passed and petitioner has not informed the court that he has exhausted his disciplinary conviction claim nor has he otherwise responded to this court's August 28, 2020 order.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed without prejudice for petitioner's failure to prosecute and failure to respond to a court order. See Fed. R. Civ. P. 41; E.D. Cal. R. 110.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////
////
////
////
////

In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 19, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-habeas/ausb1399.no resp fr